JOHN HUTSON, appellant *v.* JOHN OVERTURF, appellee.

*Appeal from Franklin.*

A promise made by a vendee of public lands, after the purchase of the same of the United States to pay for improvements made upon the same previous to the purchase, is without consideration and void.

The statute of 1831, in relation to the sale of improvements upon public lands, has no application to a promise made by a purchaser of a portion of such lands after such purchase, to pay for improvements made upon the same while it belonged to the United States. It applies only to contracts respecting the sale of improvements which at the time the contract is entered into, are on the land owned by the government.

THIS cause was tried at the April term, 1834, of the Franklin Circuit Court, before the Hon. Thomas C. Browne. A judgment was rendered for the appellee for $40 and costs, from which an appeal was taken to this Court.

W. B. SCATES, for the appellant, cited Comyn on Cont. 2, 7, 8–13, 14–17, 18, 19 and note, 24, 59; Chitty on Cont. 2–16, and authorities there cited, 215–232. 2 Blac. Com. 442–445 and notes 8, 9, 10; 3 Bos. and Pul. 249 note, and 419 note; Carson v. Clark, Ante 113; Noy's Maxims 24; 2 Kent's Com. 463–468; R. L. 483, § 5; U. S. Land Laws No. 133, p. 551—No. 216, p. 677—No. 305, p. 716; 4th Art. of Ordinance admitting Illinois into the Union; Carth. 252; 1 Taunt. 136; 5 Barn. and Ald. 335; *Exparte* Dyster, 2 Rose Bkft. Cas. 351; 1 H. Black 65.

D. J. BAKER, for the appellee.

WILSON, Chief Justice, delivered the opinion of the Court:

This was an appeal from the judgment of a justice of the peace to the Circuit Court. In that Court the judgment was affirmed in favor of the plaintiff below, Overturf. From this decision Hutson appealed to this Court. From the bill of exceptions taken in the case, it appears Hutson purchased from the United States, in May, 1833, eighty acres of land upon which Overturf had made an improvement before the sale by the United States to Hutson; that in September following, Hutson told Overturf he would give him forty dollars for the improvement he had made upon the land. Respecting this part of the case, the evidence is inconclusive and contradictory; but it is clear that the only consideration for whatever promise Hutson made, was the improvement upon the land of which he at the time was owner. This case comes clearly within the principle of the case of Carson v. Clark, decided by this Court at the last term.(1) In that case the Court decided that a promise made by a vendee, after

(1) *Ante* 113.

the purchase of land from the government, to pay for improvements made upon the land previous to the purchase, was a promise without consideration, and therefore void. It is contended, however, that the statute relative to contracts for the sale of improvements on public land, approved Feb. 15th, 1831,(1) has changed the principle of the common law, and made valid that class of contracts respecting improvements upon public land, which before its passage were void for want of a sufficient consideration. It is not necessary in deciding this case, to enquire whether that statute has changed the principles of the common law upon this subject, or if it has, to what extent. This case is not within its provisions. The statute declares all contracts and undertakings entered into in good faith for the sale or payment of improvements made on the land owned by the government of the United States, to be valid and binding. This provision applies only to contracts respecting the sale of improvements which at the time the contract is entered into, are on the land owned by the government. The contract in this case, as the bill of exceptions shows, was not for an improvement thus situated. The land upon which it was made, did not at the time of the contract, belong to the government, but on the contrary was owned by Hutson, who had previously purchased it from the United States. His promise, then, to Overturf, to pay for that of which he was already the owner, was void at common law, for want of consideration, and is not made obligatory by the statute relied upon.

The judgment of the Circuit Court is therefore reversed, and judgment rendered for Hutson, the appellant, for costs.

*Judgment reversed.*

(1) R. L. 420; Gale's Stat. 434.